UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIRLEY DELGADO,

        Plaintiff,

v.

TRIBOROUGH BRIDGE and TUNNEL
AUTHORITY, TIM BAKER, JOHN BARILE,
and WILLIAM DOOLEY

        Defendants.

Civil Action No. 05-CV-8031 (VM)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN
BARILE'S MOTION TO DISMISS THE AMENDED COMPLAINT**

---

Loren Gesinsky, Esq.
Thomas A. McKinney, Esq.
**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York  10019-3701
(212) 649-4700
*Attorneys for Defendant*
*John Barile*

#1306115 v4
107770-60603

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................. 1

FACTS ....................................................................................................................... 2

ARGUMENT .............................................................................................................. 4

I.     Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted ................................................................. 4

     A.    Barile is Not Subject to Individual Liability Pursuant to Title VII ........... 4

     B.    All of Plaintiff's Claims Against Barile are Barred by Statutes of Limitations ..................................................................................... 4

          1.    Plaintiff's claims against Barile are barred by the 300-day statute of limitations applicable to her claims under Title VII ................................................................................... 6

          2.    Plaintiff's claims against Barile are barred by the applicable statutes of limitations under the Human Rights Laws of New York ................................................................................... 6

     C.    Plaintiff's Claim that Barile Conspired to Violate Her Civil Rights Should be Dismissed as a Matter of Law ................................................. 7

          1.    Plaintiff's conspiracy claim is insufficient pursuant to New York Law ............................................................................... 8

          2.    Plaintiff's conspiracy claim is insufficient pursuant to Federal law .......................................................................... 9

II.    Plaintiff's Service Of The Summons And Complaint Was Improper And Untimely ........................................................................................................ 10

     A.    Plaintiff Failed to Properly Effectuate Service on Barile ........................ 10

     B.    Plaintiff Failed to Serve the Summons and Complaint within the Required Time Period ........................................................................ 12

CONCLUSION ........................................................................................................ 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Cases</u>

*Alfaro v. City of New York,*
   2007 WL 258173 (S.D.N.Y. 2007) ............................................................... 9

*Annis v. Long,*
   298 A.D.2d 340 (2002) ............................................................................... 10

*Bell Atlantic Corp. v. Twombly,*
   127 S.Ct. 1955 (2007) ................................................................................. 9

*Charney v. Sullivan & Cromwell LLP,*
   851 N.Y.S.2d 57 (Sup. Ct. New York Co. 2007) ....................................... 8

*Chase v. New York City Bd. of Educ.,*
   166 F.3d 1199 (2nd Cir. 1998) ................................................................... 6

*County of Nassau v Letosky,*
   34 A.D.3d 414 (2nd Dep't 2006) ............................................................... 11

*County of Nassau v. Long,*
   35 A.D.3d 787 (2006) ................................................................................. 10

*County of Nassau v. Yohannan,*
   34 A.D.3d 620 (2006) ................................................................................. 10

*De Vries v. Metropolitan Transportation Authority,*
   11 A.D.3d 312 (1st Dep't 2004) ................................................................ 12

*Delaware State College v. Ricks,*
   449 U.S. 250 (1980) ................................................................................... 6

*Dewey v. Hillcrest Gen. Hosp.,*
   201 A.D.2d 609 (2nd Dep't 1994) ............................................................. 11

*Duffy v. Horton Memorial Hosp.,*
   66 N.Y.2d 473, 488 N.E.2d 820,
   497 N.Y.S.2d 890 (1985) ........................................................................... 4

*Earle v. Valente,*
   302 A.D.2d 353 (2003) ............................................................................... 10

*Flanagan v. Mount Eden Gen. Hosp.,*
   24 N.Y.2d 427 (1969) ................................................................................. 4

#1306115 v4
107770-60603

*Gray v. Shearson Lehman Bros.,*
  947 F.Supp. 132 (S.D.N.Y.1996) ............................................................................... 4

*Henneberger v. County of Nassau,*
  465 F.Supp. 2d 176 (S.D.N.Y.2006) ........................................................................... 9

*Herrmann v. Moore,*
  576 F.2d 453 (2nd Cir.1978) ..................................................................................... 9

*Hillary v. Grace,*
  213 A.D.2d 450 (1995) .............................................................................................. 11

*Holmes v. NBC/GE,*
  914 F. Supp. 1040 (S.D.N.Y. 1996) ............................................................................ 5

*Jones v. State of New York,*
  149 A.D.2d 470, 539 N.Y.S.2d 964 (2nd Dep't 1989) ................................................. 5

*Koeppel v. Wachtler,*
  141 A.D.2d 613, 529 N.Y.S.2d 359 (2nd Dep't 1988) ................................................. 5

*Koerne v. State of New York,*
  62 N.Y.2d 442, 478 N.Y.S.2d 584, 467 N.E.2d 232 (1984) ......................................... 5

*Kurlander v. A Big Stam, Corp.,*
  267 A.D.2d 209 (1999) .............................................................................................. 11

*Leader v. Maronery, Ponzini,*
  97 N.Y.2d 95, 736 N.Y.S.2d 291 (2001) .................................................................... 12

*Lemberger v. Khan,*
  18 A.D.3d 447 (2005) ................................................................................................ 10

*Leon v. Murphy,*
  988 F.2d 303 ............................................................................................................... 8

*Monsanto v. Electronic Data Systems Corp.,*
  141 A.D.2d 514, 529 N.Y.S.2d 512 (2nd Dep't 1988) ................................................. 8

*Murphy v. American Home Prods. Corp.,*
  58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983) ........................................... 5

*O'Connell v. Post,*
  27 A.D.3d 630 (2006) ................................................................................................ 10

*Perkins v. Kamco Supply Corp.,*
  2007 WL 4207193 (S.D.N.Y. 2007) ............................................................................ 9

*Perks v. Town of Huntington,*
  96 F. Supp. 2d 222 (E.D.N.Y. 2000) ........................................................................... 4

#1306115 v4
107770-60603

*Platsky v. Kilpatrick,*
  806 F.Supp. 358 (E.D.N.Y. 1992)...................................................................... 9

*Raschel v. Rish*,
  69 NY2d 694 ..................................................................................................... 11

*Sanders v. Elie*,
  29 A.D.3d 773 (2006) ....................................................................................... 11

*Simonovskaya v. Olivo*,
  304 A.D.2d 553 (2003) ..................................................................................... 10

*Sommer v. Dixon*,
  709 F.2d 173, *cert. denied* 464 U.S. 857, 104 S.Ct. 177 L.Ed.2d 158 (1983) ........... 8

*Stoetzel v. Wappingers Central School District*,
  561 N.Y.S.2d 71, 166 A.D.2d 643 (2nd Dep't 1990)..................................... 5

*Tomka v. Seiler Corp.*
  66 F.3d 1295 (2nd Cir.1995) ............................................................................. 4

*United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*,
  463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) ................................. 9

**Statutes**

42 U.S.C. § 2000e-5(e)(1)........................................................................................ 5, 6

**Other Authorities**

9 NYCRR § 465.3[e]................................................................................................. 5, 7

Executive Law § 297[5] ........................................................................................... 5, 7

New York Administrative Code
  § 8-502 *et. seq.* ................................................................................................... 5, 7

New York Executive Law
  § 296 *et. seq.*....................................................................................................... 5, 7, 8

**Rules**

CPLR
  § 214(2) ............................................................................................................... 7

CPLR § 306-b............................................................................................................ 12

CPLR § 308 ............................................................................................................... 10, 11

CPLR § 308 (1) ......................................................................................................... 10

#1306115 v4
107770-60603

CPLR § 308 (2) ............................................................................................................ 10

CPLR § 308 (4) ...................................................................................................... 10, 11

CPLR § 3211(a)(5).......................................................................................................... 7

#1306115 v4
107770-60603

## PRELIMINARY STATEMENT

John Barile moves to dismiss the Amended Complaint against him in its entirety because: (i) individuals are not liable pursuant to Title VII[1]; (ii) all of plaintiff's claims against Barile are barred by statutes of limitations; (iii) plaintiff's allegations of a conspiracy are insufficient; and (iv) Barile was not properly or timely served.

There is no individual liability under Title VII.

When dates in the Amended Complaint are compared, the untimeliness of plaintiff's claims against Barile are essentially as clear. Plaintiff's claims that Barile sexually harassed and discriminated against her "[d]uring the time he was her supervisor." Barile was transferred to another position and ceased to be plaintiff's supervisor before William Dooley became her supervisor on or about February 21, 2002. Yet, Plaintiff waited nearly 3 years after that before filing a complaint with the New York Division of Human Rights ("NYSDHR") and waited more than 3 years before filing with the Equal Employment Opportunity Commission ("EEOC"). Conspicuously, plaintiff did not even mention Barile in her NYSDHR complaint, EEOC charge and in her initial Complaint before this Court. Plaintiff's first mention of Barile's alleged sexual harassment, conspiracy and discrimination in a charge or complaint to the NYSDHR, EEOC, or this Court was in the Amended Complaint dated July 25, 2007 – more than 5 years after Barile ceased to work with plaintiff. Therefore, plaintiff's claims should be dismissed because they are barred under both the applicable 300-day statute of limitations pursuant to Title VII and the applicable 3-year statute of limitations under the Human Rights Laws of the State and City of New York.

Plaintiff's conspiracy allegation must also be dismissed because New York does not recognize a cause of action for conspiracy to violate a civil rights enactment, New York does not permit a cause of action against individual defendants based on the actions of a corporation, Federal law does not permit a cause of action for conspiracy involving members or employees of

---

[1] Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*,

#1306115 v4
107770-60603

the same corporate entity and plaintiff failed to sufficiently plead her conspiracy claim as required by both New York and Federal law.

Finally, plaintiff failed to properly and timely serve Barile with the Summons and Amended Complaint. The Amended Complaint was filed on July 25, 2007. Plaintiff was required to serve the Amended Complaint within 120 days. Instead, it appears that someone left an unsigned Summons and Amended Complaint – lacking any signature, date and identification of any attempts to personally serve Barile – on Barile's wife's front door on May 1, 2008. The Summons and Amended Complaint were required to be served by November 22, 2007. Thus, even if the recent dropping of the Amended Complaint on Barile's wife's front door was an attempt at service, this attempt was more than 5 months late. Moreover, this attempt does not constitute legally sufficient service.

## FACTS

Plaintiff alleges in her Amended Complaint that she was supervised by Barile beginning in or around November 1999.[2] Plaintiff contends that she was regularly harassed by Barile[3], reported Barile's alleged sexual harassment in 2000 and on or about March 6, 2001[4], and filed an internal complaint about it on October 9, 2001 with Gloria Colon, the chief internal EEO officer for defendant Triborough Bridge and Tunnel Authority (the "TBTA").[5] Plaintiff asserts that all of the allegations contained in paragraphs 24 through 35 of the Amended Complaint were reported to Ms. Colon on October 9, 2001.[6] Plaintiff acknowledges that "[a]fter I filed the internal discrimination complaint … respondent [the TBTA] removed my former supervisor [Barile]."[7] By plaintiff's own admission, Barile was transferred to another position and ceased to be her supervisor before William Dooley became her supervisor on February 21, 2002.[8]

---

[2] Amended Complaint, ¶ 13.
[3] Id. at ¶ 15.
[4] Id. at ¶ 21.
[5] Id. at ¶ 23.
[6] Id. at ¶¶ 23 - 36.
[7] New York State Department of Human Rights, Case No. 10102324, ¶ 3, see Declaration of John Barile In Support of Motion to Dismiss ("Barile Decl."), Ex. A
[8] Id. at ¶¶ 15, 37, and 38.

#1306115 v4
107770-60603

Additionally, plaintiff limits Barile's alleged harassment and discrimination to "[d]uring the time he was her supervisor."[9]   The Amended Complaint fails to identify any further interaction between plaintiff and Barile after February 21, 2002.

On November 1, 2004, plaintiff filed a charge with the NYSDHR against the TBTA.[10]   Plaintiff failed to mention or name Barile in her NYSDHR charge.   Specifically, plaintiff alleged that she was discriminated against and retaliated against by the TBTA due to her complaints of sexual harassment.

On April 7, 2005, plaintiff filed a charge with the EEOC against the TBTA. Plaintiff also failed to mention or name Barile in her EEOC charge.[11]

On September 15, 2005, plaintiff filed her Initial Complaint before this Court captioned *Shirley Delgado v. Triborough Bridge and Tunnel Authority*.   Plaintiff failed to mention or name Barile in her complaint.   Indeed, plaintiff identified that the alleged discriminatory acts occurred on November 1, 2004[12], 2 years after Barile was transferred and ceased working with her.[13]

On July 25, 2007, plaintiff filed an Amended Complaint in which she purported to add Barile as a defendant.   This was the first time that Barile was named, let alone mentioned, in any of charges filed with the EEOC or NYSDHR, or in the initial Complaint to this Court.

On May 1, 2008, Barile's wife found a copy of the Summons and Amended Complaint left in the front door of her home.[14]   The Summons and Return of Service were left blank and unsigned and did not provide any additional information regarding attempted

---

[9] *Id.* at ¶ 15.
[10] *See* Barile Decl., Ex. A.
[11] EEOC Charge No. 16G-2005-00450 ("EEOC Charge"); *see* Barile Decl., Ex. A.
[12] Initial Complaint, p.3; *see* Barile Decl., Ex. A.
[13] Amended Complaint, ¶ 38.
[14] *See* Barile Decl., ¶ 3.

#1306115 v4
107770-60603

service.[15]  Barile is not aware of any prior or other attempts to serve him.[16]  Neither Barile nor his wife received a copy of the Summons and Amended Complaint in the mail.[17]

## ARGUMENT

**I.     Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

Plaintiff has failed to set forth any claim upon which this Court can grant relief with respect to Barile because individuals are not subject to liability pursuant to Title VII, plaintiff's claims are untimely based on the applicable statute of limitations and plaintiff failed to sufficiently plead a conspiracy claim.

### A.     Barile is Not Subject to Individual Liability Pursuant to Title VII.

The law is clear that individuals cannot be subject to liability under Title VII in any capacity.[18]  Accordingly, plaintiff's cause of action against Barile pursuant to Title VII must be dismissed.

### B.     All of Plaintiff's Claims Against Barile are Barred by Statutes of Limitations.

Statutes of limitations are primarily statutes of repose designed to stimulate litigants to pursue their actions diligently, which is the exact opposite of what plaintiff has done here with respect to Barile.  It is well established that statutes of limitations promote fairness to defendants by erasing older obligations and making it unnecessary to provide any additional defenses where, "evidence has been lost, memories have faded, and witnesses disappeared."[19]  Also, statutes of

---

[15] *Id.* at ¶ 3.
[16] *Id.* at ¶ 4.
[17] *Id.* at ¶ 5.
[18] *See, e.g,. Perks v. Town of Huntington*, 96 F. Supp. 2d 222, 226-27 (E.D.N.Y. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2ⁿᵈ Cir.1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"); *Gray v. Shearson Lehman Bros.,* 947 F.Supp. 132, 136 (S.D.N.Y. 1996) (noting that "there is nothing to show that Congress intended to permit suits against individuals in their official capacity");
[19] *Duffy v. Horton Memorial Hosp.,* 66 N.Y.2d 473, 488 N.E.2d 820, 497 N.Y.S.2d 890 (1985), *citing Flanagan v. Mount Eden Gen. Hosp.*, 24 N.Y.2d 427 (1969).

#1306115 v4
107770-60603

limitations are in place to prevent the judicial system from being burdened by "adjudicating stale and groundless claims."[20]

Plaintiff's claims are barred by the applicable statutes of limitations relating to Title VII, New York Executive Law § 296 *et. seq.* and New York Administrative Code § 8-502 *et. seq.* By plaintiff's own admission, Barile was transferred to another position and ceased to be her supervisor before William Dooley became her supervisor on or about February 21, 2002.[21] Plaintiff does not allege that she had any subsequent interaction with Barile. Plaintiff did not file her charge with the NYSDHR until November 1, 2004, nearly 3 years after Barile was transferred and stopped working with plaintiff. Plaintiff did not file an EEOC charge until April 7, 2005, well over three years after Barile was transferred and stopped working with plaintiff.[22] Plaintiff did not file her Initial Complaint with this Court until September 15, 2005. None of these documents contained any mention of Barile. The first such mention of Barile in a charge or complaint is in the Amended Complaint dated July 25, 2007. Because none of these allegations against Barile were the subject of a timely – in fact any – NYSDHR complaint, EEOC charge, or complaint to a court, plaintiff's claims relating to Barile's alleged discriminatory acts are time-barred. Morevoer, even if plaintiff had named Barile in each of these charging documents, she still would have missed the 1-year statute of limitations for bringing a claim before the NYSDHR,[23] the 300-day statute of limitations for bringing a claim before the EEOC[24] (not to mention the 90 day limitations for bringing a claim in court after receiving the right to sue from the EEOC[25]), and the 3-year statutes of limitations for bringing court actions under the Human Rights Laws of the State and City of New York.[26]

---

[20] *Id.*

[21] Amended Complaint, ¶¶ 15, 37, and 38.

[22] Initial Complaint, EEOC Charge; *See* Barile Decl., Ex. A.

[23] Executive Law § 297[5]; 9 NYCRR § 465.3[e].

[24] *See* 42 U.S.C. § 2000e-5(e)(1).

[25] *See Holmes v. NBC/GE*, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996)

[26] *Koerne v. State of New York*, 62 N.Y.2d 442, 478 N.Y.S.2d 584, 467 N.E.2d 232 (1984); *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983); *Jones v. State of New York*, 149 A.D.2d 470, 539 N.Y.S.2d 964 (2nd Dep't 1989); *Koeppel v. Wachtler*, 141 A.D.2d 613, 529 N.Y.S.2d 359 (2nd Dep't 1988); *Stoetzel v. Wappingers Central School District*, 561 N.Y.S.2d 71, 166 A.D.2d 643 (2nd Dep't 1990).

#1306115 v4
107770-60603

1.    **Plaintiff's claims against Barile are barred by the 300-day
statute of limitations applicable to her claims under Title VII.**

Plaintiff failed to comply with the statute of limitations applicable to Title VII claims.
Exhaustion of remedies under Title VII depends on the filing of a charge with the EEOC within
300 days of the purported discriminatory act.[27]   Even when the charge is filed first with the
NYSDHR instead of the EEOC, to preserve Title VII claims, the charge must be filed within 300
days of the alleged discrimination.[28]

It is well-settled under Title VII that the statute of limitations begins to run from the date
that alleged acts of discrimination occur, not when the consequences of the acts become most
painful.[29]   In *Delaware State College v. Ricks*, the Supreme Court held that a claim made based
on a petitioner's last day of work was untimely, as "the proper focus is upon the ... discriminatory
acts, not upon the time at which the consequences of the act [become] painful."[30]   In other words,
the statute of limitations begins to run once the act of discrimination has occurred.[31]

Here, plaintiff did not file her charge with the NYSDHR until November 1, 2004,
nearly three years after Barile was transferred and stopped working with plaintiff, and did not file
an EEOC charge until April 7, 2005, more than three years after Barile was transferred and
stopped working with plaintiff.[32]   Accordingly, plaintiff's allegations against Barile under Title
VII are time-barred since they were filed more than 300-days after the alleged discrimination.

2.    **Plaintiff's claims against Barile are barred by the applicable
statutes of limitations under the Human Rights Laws of New
York**

As described above, plaintiff did not file her charge with the NYSDHR until November
1, 2004, nearly three years after Barile was transferred and stopped working with plaintiff.
Indeed, a fair reading of the Amended Complaint indicates that plaintiff claims the alleged

---

[27] *See* 42 U.S.C. § 2000e-5(c).
[28] *See* 42 U.S.C. § 2000e-5(e)(1).
[29] *Delaware State College v. Ricks*, 449 U.S. 250, 258-59 (1980).
[30] *Id.* at 258.
[31] *See Chase v. New York City Bd. of Educ.*, 166 F.3d 1199 (2nd Cir. 1998).
[32] Initial Complaint, EEOC Charge; *See* Barile Decl., Ex. A.

#1306115 v4
107770-60603

harassment by Barile occurred prior to her filing a complaint with the TBTA's EEO officer on October 9, 2001.[33] Accordingly, plaintiff's claims pursuant to the New York Executive Law § 296 *et. seq.* and New York Administrative Code § 8-502(a) *et. seq.* should be dismissed pursuant to CPLR § 3211(a)(5) because they are barred by the applicable statutes of limitations. It is well settled that a plaintiff must institute a court action under the Human Rights Laws of the State and City of New York, for discrimination in employment, within three-years of the alleged discriminatory conduct.[34] The three-year statute of limitations for claims under the Human Right Laws of the State of NewYork is established by CPLR § 214(2) and by Administrative Code § 8-502[d] for claims under the Human Rights Laws of the City of New York.[35] In addition, the Human Rights Laws of the State and City of New York require that a plaintiff, who elects to file with the NYSDHR, must do so within one-year of the most recent act of discrimination.[36]

## C. Plaintiff's Claim that Barile Conspired to Violate Her Civil Rights Should be Dismissed as a Matter of Law.

Plaintiff alleges in her Amended Complaint that defendants Dooley, Tim Baker, and Barile "conspired to punish [plaintiff] in retaliation for her complaint against Mr. Barile...."[37] Plaintiff's seeming cause of action for conspiracy to violate her civil rights should be dismissed as a matter of law because: (i) New York does not recognize a cause of action for conspiracy to violate a civil rights enactment; (ii) New York does not permit a cause of action against individual defendants based on the actions of a corporation; (iii) 42 U.S.C. 1985 ("Section 1985") does not permit a cause of action for conspiracy involving members or employees of the same corporate entity; and (iv) plaintiff failed to sufficiently plead her conspiracy claim as required by both New York and Federal law.

---

[33] Amended Complaint, ¶¶ 23-36 (specifically, ¶ 36 incorporates all of the allegations of harassment by Barile and alleges that plaintiff shared this information with "Ms. Colon, the chief internal EEO officer." The meeting with Ms. Colon occurred on October 9, 2001, ¶ 23).
[34] *See* footnote 25.
[35] *Id.*
[36] Executive Law § 297[5]; *see also* 9 NYCRR § 465.3[e].
[37] Amended Complaint, ¶ 42.

#1306115 v4
107770-60603

1.   **Plaintiff's conspiracy claim is insufficient pursuant to New York Law.**

New York courts do not recognize a claim for conspiracy to violate a civil rights enactment.[38]  This alone requires the dismissal of any allegation of conspiracy.  In addition, the New York courts have also held that a conspiracy claim cannot "be permitted to stand on the theory that it links the individual defendant to the employment discrimination claims asserted against the corporate defendant under the Human Rights Law (Executive Law § 297)."[39]  Finally, a "claim for conspiracy to violate civil rights requires a detailed fact pleading … [and a] complaint containing only conclusory, vague and general allegations of a conspiracy to deprive a person of constitutional rights cannot withstand a dismissal motion."[40]

Plaintiff's conspiracy claim against Barile, Dooley and Baker (both current employees of the TBTA[41]) is that the actions taken by Dooley and Baker are discriminatory and that Barile conspired to "punish" plaintiff.[42]  Plaintiff's conspiracy claim against Barile is an attempt to link the alleged discrimination by Dooley, Baker and the TBTA – corporate defendants – to Barile.  New York does not recognize a conspiracy allegation under these circumstances.

In addition, plaintiff failed to detail her alleged conspiracy and merely states that defendants Barile, Dooley and Baker "have formed a conspiracy to punish [plaintiff] in retaliation for her complaint against Mr. Barile through establishing an ongoing pattern of discrimination and retaliation."[43]  Plaintiff's allegation of a conspiracy is grossly insufficient in order to establish a claim for conspiracy since she only generally alleges that a conspiracy exists without any additional factual pleadings.

---

[38] *Charney v. Sullivan & Cromwell LLP*, 851 N.Y.S.2d 57 (Sup. Ct. New York Co. 2007).
[39] *Monsanto v. Electronic Data Systems Corp.*, 141 A.D.2d 514, 529 N.Y.S.2d 512 (2nd Dep't 1988).
[40] *Kubik v. New York State Dep't of Social Servs.*, 244 A.D.2d 606, 610, 664 N.Y.S.2d 365 (3rd Dep't 1997); *see, Leon v. Murphy*, 988 F.2d 303; *Sommer v. Dixon,* 709 F.2d 173, *cert. denied* 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983).
[41] Amended Complaint, ¶¶ 3, 5.
[42] *Id.* at ¶ 42.
[43] *Id.* at ¶ 42.

#1306115 v4
107770-60603

### 2. Plaintiff's conspiracy claim is insufficient pursuant to Federal law.

A liberal construction of plaintiff's conspiracy allegation would suggest that plaintiff is essentially asserting a claim pursuant to subsection 3 of Section 1985. A conspiracy claim pursuant to Section 1985 requires a pleading alleging: (i) a conspiracy; (ii) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (iii) an act in furtherance of the conspiracy; and (iv) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen.[44] A bare assertion of conspiracy will not suffice.[45]

Plaintiff's Amended Complaint undoubtedly lacks the requisite elements of a conspiracy claim. However, it is unnecessary to address each of the requisite elements for a conspiracy and how plaintiff's Amended Complaint fails to comply with them because employees of a single corporate entity, such as the TBTA, are legally incapable of conspiring with each other for purposes of Section 1985.[46] Also, courts have held that retaliation based on a complaint by an employee is not considered to be outside the scope of a supervisor's employment, even when conspiring against an employee for complaining of retaliation.[47] For all these reasons, plaintiff's conspiracy claim should be dismissed.

---

[44] See United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).

[45] Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007).

[46] See Herrmann v. Moore, 576 F.2d 453, 459 (2nd Cir.1978); see also Alfaro v. City of New York, 2007 WL 258173 (S.D.N.Y. 2007) (in context of § 1985 claim, "[w]here the individual defendants are all employees of the [same] institutional defendant, a claim of conspiracy will not stand."); Henneberger v. County of Nassau, 465 F.Supp. 2d 176, 196 (S.D.N.Y. 2006) (dismissing § 1985 claim and holding that "[t]he intracorporate conspiracy doctrine posits that the officers, agents and employees of a single corporate or municipal entity, each acting within the scope of his employment, are legally incapable of conspiring together."); Sauls v. Bristol-Myers Co., 462 F.Supp. 887, 889 (S.D.N.Y. 1978) (dismissing § 1985 claim against private company and noting that "[i]t is well settled in this Circuit and others that section 1985 does not extend to discriminatory business decisions participated in by members of one business entity.")

[47] Perkins v. Kamco Supply Corp., 2007 WL 4207193 (S.D.N.Y. 2007); see, e.g., Platsky v. Kilpatrick, 806 F.Supp. 358, 366 (E.D.N.Y. 1992) (In the context of Section 1985, "[a]n employee's scope of employment is quite broad and encompasses all actions that are 'actuated, at least in part, by a purpose to serve the master.'").

#1306115 v4
107770-60603

## II.    Plaintiff's Service Of The Summons And Complaint Was Improper And Untimely.

Plaintiff failed to properly and timely serve Barile with the Summons and Amended Complaint.  The Amended Complaint was filed on July 25, 2007.  Someone seems to have left an unsigned and undated Summons and Amended Complaint on Barile's wife's front door on May 1, 2008.[48]  The Summons did not contain any documentation or signatures from the process server or plaintiff's counsel and did not include any information regarding any attempts to personally serve Barile.[49]  Indeed, Barile is not aware of any prior attempts to serve him in any manner.[50]  In addition, the Summons and Amended Complaint were required to be served by November 22, 2007.  Nevertheless, plaintiff's improper service was made more than five months late.

### A.    Plaintiff Failed to Properly Effectuate Service on Barile

CPLR § 308 (4) authorizes "nail and mail" service to be used only where personal service under CPLR § 308 (1) and (2)) cannot be made with "due diligence."[51]  "The due diligence requirement of CPLR § 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received."[52]

A mere showing of several attempts at service at either a defendant's residence or place of business may not satisfy the "due diligence" requirement before resort to "nail and mail service."[53]  However, "due diligence" may be satisfied with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times.[54]  For the purpose of

---

[48] *See* Barile Decl., ¶ 3 and Ex. B.
[49] *Id.*
[50] *Id.*
[51] *See O'Connell v. Post*, 27 A.D.3d 630 (2nd Dep't 2006); *Simonovskaya v. Olivo*, 304 A.D.2d 553 (2nd Dep't 2003); *Gurevitch v. Goodman*, 269 A.D.2d 355 (2nd Dep't 2000).
[52] *Id.* at 355.
[53] *See County of Nassau v. Long,* 35 A.D.3d 787 (2nd Dep't 2006); *County of Nassau v. Yohannan,* 34 A.D.3d 620, 620-621 (2nd Dep't 2006); *Earle v. Valente,* 302 A.D.2d 353 (2nd Dep't 2003); *Annis v. Long,* 298 A.D.2d 340, 341 (2nd Dep't 2002).
[54] *See Lemberger v. Khan,* 18 A.D.3d 447 (2nd Dep't 2005); *Brunson v. Hill,* 191 A.D.2d 334, 335 (2nd Dep't 1993); *Mike Lembo & Sons v. Robinson,* 99 A.D.2d 872 (1984).

#1306115 v4
107770-60603

satisfying the "due diligence" requirement of CPLR § 308 (4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment "given the reduced likelihood that a summons served pursuant to (nail and mail service) will be received."[55]

In *County of Nassau v. Letosky*, the court held that plaintiff did not satisfy the "due diligence" requirement of CPLR § 308 even though defendant did not refute receipt of service. The court stated "[a]lthough the plaintiff notes that Letosky did not deny receipt of the summons and complaint affixed to the door of her residence, 'when the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents.'"[56] In *Raschel v. Rish*[57] the court held that "Plaintiff's claim that the doctor was not prejudiced because he actually received the first summons and complaint in the mail is without merit. When the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents."[58]

Plaintiff's service of the Summons and Amended Complaint is grossly deficient. Plaintiff cannot demonstrate the exercise of "due diligence" in pursuing other methods of service sufficient to justify resort to "nail and mail" service. Additionally, the "nail" was not conducted properly and there appears to have been no "mail." Neither Barile nor his wife ever received a copy of the Summons and Amended Complaint in the mail. The Summons and Complaint was only left at Barile's wife's front door.[59] Although Barile, through his wife, eventually found the Summons and Amended Complaint, plaintiff has not met the requirements for proper service of process.

---

[55] *County of Nassau v Letosky*, 34 A.D.3d 414, 415 (2nd Dep't 2006), *quoting Gurevitch*, 269 A.D.2d at 355; *see also Sanders v. Elie*, 29 A.D.3d 773, 774 (2nd Dep't 2006); *Kurlander v. A Big Stam, Corp.*, 267 A.D.2d 209, 210 (2nd Dep't 1999); *Busler v. Corbett*, 259 A.D.2d 13, 15 (2nd Dep't 1999).
[56] *Id.*
[57] 69 NY2d 694, 697.
[58] *See Hillary v. Grace*, 213 A.D.2d 450 (2nd Dep't 1995); *Dewey v. Hillcrest Gen. Hosp.*, 201 A.D.2d 609 (2nd Dep't 1994).
[59] *See* Barile Decl., ¶ 3 and Ex. B.

#1306115 v4
107770-60603

**B.    Plaintiff Failed to Serve the Summons and Complaint**
         **within the Required Time Period.**

CPLR § 306-b provides that service of a summons and complaint shall be made within 120 days of filing the complaint with the clerk of the court.  If service is not made within that time frame, a party's time to serve may only be extended "upon good cause shown or in the interest of justice."[60]  As explained by the Court of Appeals, in determining whether the "interest of justice" standard is met, the court "may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the statute of limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time and prejudice to defendant."[61]  Here, plaintiff's service of the Summons and Amended Complaint was not only deficient, but also deficient as seen above and should be dismissed in the interest of justice.

Plaintiff has failed to exhibit any degree of diligence in either properly serving Barile or in prosecuting this case.  The Summons and Amended Complaint was filed on July 25, 2007, more than 9 months ago.  Although no affidavit of service have been filed in this matter with respect to the service on Barile, plaintiff found the attached Summons and Amended Complaint in the door to his wife's home on May 1, 2008.  The Summons and Return of Service was left blank and there has been no showing of plaintiff's diligent efforts to attempt to serve Barile with the Summons and Amended Complaint.[62]  Accordingly, plaintiff's lack of diligence should be weighed against allowing her an extended period of time in which to serve the Amended Complaint.

Additionally, Barile has been prejudiced by the delay.  It has been more than six years since Barile worked or interacted with plaintiff and he has never before been identified as a party in any charge or complaint.  Also, litigation has been ongoing in this matter since September 15, 2005 and Barile has not had the opportunity to participate in discovery or otherwise defend

---

[60] *De Vries v. Metropolitan Transportation Authority*, 11 A.D.3d 312, 313 (1st Dep't 2004).
[61] *Leader v. Maronery, Ponzini*, 97 N.Y.2d 95, 105-06, 736 N.Y.S.2d 291, 298 (2001).
[62] *See* Barile Decl., ¶ 3 and Ex. B.

#1306115 v4
107770-60603

himself.  Finally, plaintiff was quoted in, and likely prompted, an April 25, 2008 Daily News article entitled "MTA hit with discrimination lawsuits" *prior* to anyone seeming to even attempt service on Barile.[63]  Each of these factors should independently be sufficient to dismiss the Amended Complaint against Barile; and taken together they should be especially persuasive. Barile described the prejudice he suffered as a result of this article in his April 26, 2008 response letter to the editor of the Daily News.[64]

---

[63] *Id.*, Ex. C.
[64] *Id.*, Ex. D.

#1306115 v4
107770-60603

## CONCLUSION

For the reasons set forth above, Barile respectfully requests that this Court dismiss plaintiff's complaint against him in its entirety.

Respectfully submitted,

**GIBBONS P.C.**
Attorneys for Defendant
John Barile

By: _Loren Gesinsky_
     Loren Gesinsky
     Thomas A. McKinney

Dated: New York, New York
      May 20, 2008

14